IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ASHLEY N. WALKER     PLAINTIFF

v.     CIVIL ACTION NO. 1:25-CV-58-SA-DAS

TRANSUNION, LLC     DEFENDANT

ORDER

On March 5, 2025, Ashley N. Walker, who is proceeding *pro se*, filed her Complaint [2] against Transunion, LLC in the Circuit Court of Clay County, Mississippi. She alleges violations of the Fair Credit Reporting Act ("FCRA"). Transunion timely removed the case to this Court and then filed a Motion to Dismiss [5]. That Motion [5] is now ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Background*

At the outset, the Court notes that Walker's Complaint [2] is difficult to follow. In the facts section, she alleges that "TransUnion is currently reporting 15 inaccurate adverse accounts to the plaintiff's consumer report." [2] at p. 2. She takes issue with Transunion furnishing her credit report and/or reporting her credit information without her consent. She goes on to allege that Transunion's conduct violated Sections 602b, 603(2)(a)(i), 604, and 609b of the FCRA. In a section entitled "Attempts to Resolve," Walker avers that she "has to date made numerous complaints to the Consumer Financial Protection Bureau (CFPB) and to TransUnion directly via phone and mail regarding these issues which all responses to and from Transunion has been contained. Yet to date, I have received no satisfactory response or resolution to my concerns." *Id*. at p. 3.

Walker attached to her Complaint [2] what appears to be a portion of a personal credit report, as well as a document related to a loan application.

In its Motion to Dismiss [5], TransUnion contends that the Complaint [2] fails to state a claim upon which relief may be granted.

*Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the district court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the reviewing court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis*

In its Memorandum [6], TransUnion explains in detail that under certain circumstances it is not required to obtain a consumer's consent prior to furnishing a credit report or reporting credit information. To support its position, TransUnion cites various case law from across the country.

Candidly, considering the applicable law, it is difficult for the Court to discern from the Complaint [2] precisely the alleged conduct that violates the FCRA. The Complaint [2] makes conclusory legal assertions but does not adequately connect those assertions to facts that would support a cause of action. This falls below the requisite pleading standard. *See Alexander v. Hall*, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *EPCO Carbon Dioxide Prods, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)) (internal quotation marks omitted) ("[Rule 8] requires that a plaintiff plead sufficient facts to provide notice to [a defendant] of the factual basis for the plaintiff's claims.").

However, the Court also recognizes that Walker is proceeding *pro se* and therefore should be extended *some* leniency. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"). The Court will provide Walker *one* opportunity to file an amended complaint that adequately alleges the underlying facts that support her claim and connects those facts to her causes of action. The Court will grant Walker 21 days to do so.

*Conclusion*

TransUnion's Motion to Dismiss [5] is DENIED *without prejudice*. Walker shall file an amended complaint that complies with the applicable pleading standard within 21 days of today's date. More specifically, the amended complaint must be filed on the docket on or before December 16, 2025. Should Walker fail to comply, the case will be dismissed *without further notice*. Once Walker files an amended complaint, TransUnion may renew its request for dismissal if appropriate.[1]

SO ORDERED, this the 25th day of November, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Walker has also filed a Motion for Default Judgment [11]. That Motion [11] is inherently flawed as TransUnion is not in default and is actively defending itself in this litigation. It is DENIED.